ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JAMES M. LEFT (Cal. SBN: 173382)
Special Assistant United States Attorney
General Crimes Section
MICHAEL DORE (Cal. SBN: 227442)
Assistant United States Attorney
General Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0721
     Facsimile: (213) 894-3713
     Email: michael.dore@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>JOEL CIRILO SOSA HERNANDEZ,<br><br>        Defendant. | CR No. 11-436(A)-MRW<br><br>**GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES RE IMPEACHMENT OF TESTIFYING DEFENDANT**<br><br>Trial Date: December 6, 2011<br><br>Courtroom of the<br>Honorable Michael R. Wilner |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its memorandum of points and authorities regarding the proper use of cross-examination of defendant regarding his previous statements made in support of a motion to suppress evidence.

The government's memorandum is based upon the attached discussion, authorities, and any other evidence or argument that the Court may wish to consider.

DATED: December 5, 2011        Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


        /s/
MICHAEL DORE
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

On October 11, 2011, defendant Joel Cirilo Sosa Hernandez ("defendant") filed a signed declaration in support of his motion to suppress in which defendant declared under penalty of perjury that he had the title of "Assistant Manager" at the 907 Club and "exercised managerial control over the day-to-day operations of the Club." (CR 46 at 3.) On November 29, 2011, defendant's counsel filed an opposition to a government motion in limine that claimed defendant "was simply a bouncer," and "effectively a security guard who works indoors rather than outdoors." (Opp'n to Mot., CR 62 at 1, 3.) If defendant testifies along the lines of the latter argument at trial, the government is entitled to impeach him with his inconsistent former statements.

Simmons v. United States, 390 U.S. 377 (1968), precludes the use of suppression hearing testimony to establish guilt. Id. at 394. The Ninth Circuit has made clear, however, that "Simmons does not preclude all use of a defendant's suppression hearing testimony, just use of such testimony on the issue of guilt." United States v. Manning, 56 F.3d 1188, 1199 (9th Cir. 1995); see also Harris v. New York, 401 U.S. 222, 222-26 (1971) ("[T]he shield provided [by the Fifth Amendment privilege against self incrimination] cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances.").

Thus, while the Fifth Amendment protects defendant "from the use of his suppression hearing testimony in the Government's case in chief to prove his guilt," it "[does] not protect him from impeachment for testifying falsely." United States v. Beltran-

1

Gutierrez, 19 F.3d 1287, 1291 (9th Cir. 1994); see also Manning, 56 F.3d at 1199 (noting that the defendant's "trial testimony could have been impeached by any prior inconsistent statements made at the suppression hearing"); see generally Fed. R. Evid. 613(b) (impeachment with prior inconsistent statements).

If defendant testifies along the lines of his opposition to the government's motion in limine that he had no control over the day-to-day operations of the club (including, for example, hiring employees), then the government should be permitted to impeach defendant with his prior sworn statements to the contrary.

DATED: December 5, 2011          Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
MICHAEL DORE
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

2